**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                                                    15-CR-235-A
                                                                                    **DECISION AND ORDER**

JOHN K. CARRILLO,

        Defendant.
_____

      This case is set for sentencing on July 1, 2016.  Consistent with the Court's

schedule for filing sentencing submissions, the Defendant filed his sentencing

memorandum on May 31, 2016.  On that same day, the Defendant filed a motion to file

his sentencing memorandum under seal.  In support of his motion, the Defendant

contended that his sentencing memorandum "contains references to confidential

information which is otherwise protected by privilege, and is the type of information that

is usually filed under seal, and is of the sort that has previously been ordered submitted

by the Court under seal in other cases."  Docket 20 at 2.  Given these representations,

and to ensure that the Defendant was able to file potentially-privileged information within

the Court's schedule for filing sentencing submissions, the Court granted the

Defendant's motion to seal.  *See* Docket 21.

      The Government then filed a response requesting that "the Court vacate its prior

order sealing the defendant's sentencing memorandum, and subject to a redaction to

Defendant's Exhibit A, publically file the document."  Docket 22 at 5.  The Government

argues that, although the Defendant's sentencing memorandum contains references to

his medical condition, "the public should be allowed access to such information when

the '[d]efendant has chosen to introduce the medical information in an attempt to

mitigate his sentence.'"  *Id.* at 4 (quoting *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008)).   The Defendant replied that he sought to seal his sentencing memorandum because it "contains personal and confidential information" but that "[i]f the Court orders redaction, that is fine."  Docket 27.

## DISCUSSION

"[T]he press and general public have a constitutional right of access to criminal trials."  *Globe Newspaper Co. v. Sup. Ct. for Norfolk Cnty.*, 457 U.S. 596, 603 (1982). Included in that general right is the press and the public's right to access a criminal defendant's sentencing memorandum.  *See United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008).   However, the right to access judicial documents, such as a sentencing memorandum, "is not absolute," and the right may be curtailed in "limited circumstances" when certain "weighty" justifications" are present (*id.* at 606), such as "the defendant's right to a fair trial or the government's [or defendant's] interest in inhibiting disclosure of sensitive information."  *United States v. Doe*, 63 F.3d 121, 127 (2d Cir. 1995).   Such "sensitive information" includes a defendant's medical condition, which, of course, is "among [a person's] most private matters."  *Dare*, 568 F. Supp. 2d at 244.   For that reason, a defendant may generally file information concerning his or her medical condition under seal.

But when, as in this case, a criminal defendant introduces his medical records "in an attempt to mitigate his sentence," the defendant's right to privacy decreases, while the public's right to access increases.  *Id.*  The public, after all, has a presumptive right to "access . . . testimony and documents that are used in the performance of Article III functions."  *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).   And there are

few Article III functions in which the public has a greater right to access information than when a court sentences a criminal defendant.  Put differently, the press and the public have a presumptive right to know what information has influenced the Court's sentencing decision, and if the Defendant asks the Court to consider his medical condition in determining a reasonable sentence, that information is subject to public disclosure.[1]

The Court therefore lifts the seal on the Defendant's sentencing memorandum. On or before June 30, 2016, the Defendant shall file, on the public docket, a copy of his sentencing memorandum which redacts (1) any information protected by Federal Rule of Criminal Procedure 49.1; (2) any information protected by any other relevant statute or rule; and (3) any medical information of a third-party.  *See, e.g.*, Defendant's Ex. A.


**SO ORDERED.**


Dated: June 20, 2016                                   s/Richard J. Arcara
     Buffalo, New York                          HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT JUDGE

---

[1]   The Court also notes that much of the Defendant's sentencing memorandum contains legal argument concerning the Sentencing Guidelines applicable to child pornography cases.  There is absolutely no basis for sealing this portion of the Defendant's memorandum, nor does the Defendant attempt to justify filing it under seal.